KUHN, J.,
dissents and assigns reasons.
The respective powers and duties of BESE and the school boards are set forth by La. Const, art. VIII, § 3(A), which grants BESE the authority to supervise, manage, and operate school that have “been determined to be failing.” The language of the provision is expressly limited to failing schools; thus, Article VIII does not grant BESE the authority to operate non-failing schools indefinitely. Therefore, the majority’s holding permitting non-failing schools to be retained under BESE’s jurisdiction ad infinitum is clearly problematic. Further, the rationale for the majority’s holding is flawed in that it utilized statutes as a means of interpreting a constitutional provision. Statutes are enacted by the Legislature whereas constitutional provisions emanate from the electorate adopting them. Thus, the intent of the Legislature in enacting statutes is neither synonymous with, nor helpful to, an interpretation of the intent of the people in adopting a specific constitutional provision. See In re Office of Chief Justice, Louisiana Supreme Court, 12-1342 (La.10/16/12), 101 So.3d 9, 18 (it is the intent of the electorate that is relevant in interpreting a constitutional provision). Finally, to the extent that the specific language of Article VIII can be so broadly construed as to allow the interpretation reached by the majority, I believe the provision must be considered ambiguous.
For these outlined reasons, I dissent from the result reached by the majority.